IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Shannon Wayne Kappel, | ) | |
| | ) | Civil Action No. 6:16-1556-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Shannon Wayne Kappel ("Kappel"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"),[1] denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 15).[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. Kappel filed objections to the Report (ECF No. 17), and the Commissioner filed a response to those objections (ECF No. 19). Accordingly, this matter is now ripe for review.

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Fed. R. Civ. P. 25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## BACKGROUND

Kappel applied for DIB on January 20, 2012, alleging disability beginning on December 13, 2011. Kappel's application was denied initially and on reconsideration. On May 28, 2014, an Administrative Law Judge ("ALJ") heard testimony from Kappel and a vocational expert. On June 28, 2012, the ALJ issued a decision denying Kappel's claim.

In his decision, the ALJ found that Kappel suffered from the following severe impairments: degenerative disk disease, peripheral vascular disease, obesity, affective disorder, and anxiety disorder. (ECF No. 15 at 2). The ALJ found that, despite Kappel's limitations, jobs existed in significant numbers in the national economy that he could perform. (ECF No. 15 at 3). Kappel sought review of his case by the Appeals Council. On March 28, 2016, the Appeals Council denied Kappel's request for review, making the ALJ's decision the final decision of the Commissioner. The present action followed.

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency

are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

## DISCUSSION

In his objections, Kappel contends that the magistrate judge erred by finding that substantial evidence supported (1) the ALJ's evaluation of the medical opinion evidence and (2) the ALJ's analysis of Kappel's credibility.[3]

## I.

First, Kappel argues that the ALJ erred by giving limited weight to Dr. Stanbro's opinion and portions of Dr. Taylor's opinion. Kappel reiterates the same argument, in large part verbatim, that was presented to and addressed in depth by the magistrate judge. (ECF Nos. 11 at 10–15 and 17 at 2–5). However, objections to the magistrate judge's Report are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate to this Court particular errors in the magistrates reasoning. *See* 42 U.S.C. § 405(g); *Craig*, 76 F.3d at 589; *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015) (stating that "a mere restatement of the arguments raised in the summary judgment filings does not constitute an

---

[3] No party objected to the magistrate judge's third finding regarding the vocational expert's harmless error. The ALJ listed three hypotheticals for the vocational expert during the hearing. The magistrate judge found that the ALJ mistakenly cited to the jobs the vocational expert identified in response to the first two hypotheticals that contained an RFC the ALJ did not ultimately adopt. In response to the ALJ's third hypothetical question, which was a range of sedentary work and was identical to the RFC ultimately assigned to Kappel in the ALJ's decision, the vocational expert testified that such a person could not perform the previously identified jobs but could work as a sorter, assembler and inspector; jobs which existed in significant numbers in the national economy for a person of Kappel's age, education, work experience and residual functioning capacity ("RFC"). The magistrate judge found this to be error of transcription rather than substance. Finding no clear error, the court adopts the magistrate judge's recommendation on this point.

'objection' for the purposes of district court review." (citation omitted)). The court agrees with the magistrate judge's assessment.

When the record contains numerous different medical opinions, including those from the Plaintiff's treating physicians, consultative examiners or other sources that are consistent with each other, then the ALJ makes a determination based on that evidence. *See* 20 C.F.R. § 416.927(c)(2). If, however, the medical opinions are inconsistent internally, or with other evidence, the ALJ must evaluate the opinions and assign them respective weight to properly analyze the evidence involved. *Id*. § 416.927(c)(2), (d). If a medical opinion is not assigned controlling weight by the ALJ, then the ALJ assesses the weight of the opinion by considering: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area in which an opinion is rendered; and (6) other factors brought to the Commissioner's attention which tend to support or contradict the opinion. *Id*. § 404.1527(d)(2)–(6); *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir.2006). The inquiry before the court is not whether the ALJ should have given greater weight to the opinions of the Drs. Stanbro and Taylor, but rather whether the weight given to those opinions by the ALJ is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Craig*, 76 F.3d at 589 (stating that the court does not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]").

As discussed by the magistrate judge, the ALJ did not give controlling weight to Dr. Stanbro's opinions regarding lifting/carrying and standing/walking limitations in the 2012 or 2014

opinions because the objective findings regarding the Kappel's lower extremities did not support the extreme limitations in standing and walking opined by Dr. Stanbro and his own opinions contained unexplained inconsistencies. (ECF No. 15 at 22). The magistrate judge noted, for instance, that the examinations through the course of Kappel's case documented few significant problems with Kappel's legs, which were documented as having little or no swelling with only trace edema, full muscle strength, and normal tone and bulk (absence of atrophy). (ECF Nos. 7-9 at 42, 45, 7-10 at 4–5, 18, 33, 8-1 at 13, 8-2 at 35–36, 65, 8-3 at 11, 8-4 at 4–5, 15, 21, 29, 40, 50, 8-6 at 29, 8-8 at 16). Kappel was only given a conservative course of treatment for his legs; Dr. Stanbro did not even recommend surgery or medication, only compression stockings. *See, e.g., Smith v. Colvin*, C.A. No. 2:14-3224-TMC, 2016 WL 943667, at *4 (D.S.C. Mar. 14, 2016) (pain medication and injections generally considered to be conservative); *see also Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling."). Further, Stanbro stated after the questionnaire in 2012 that as long as Kappel was wearing his compression stockings, Kappel's limitations would be dictated by what he feels he can do and that his prognosis is good.[4] (ECF No. 8-3 at 24). However, in the same opinion he concluded that Kappel could not perform full-time work. *Id.*; *see also* 20 C.F.R. § 404.1527(d)(1) (disability opinions are reserved to the Commissioner). Moreover, Dr. Stanbro gave differing statements regarding sitting and lifting/carrying in 2012 and 2014 without giving reasons for the differences. (ECF No. 15 at 22).

As for Dr. Taylor, the magistrate judge discussed in depth the ALJ's analysis of the record

---

[4] The ALJ's remark that Dr. Stanbro said that Kappel could sit if he wore compression stockings appears to refer to this line; not the statement in Dr. Stanbro's 2012 questionnaire, as cited by the magistrate judge and Kappel. (ECF Nos. 8-3 at 29, 17 at 3, 15 at 22). However, the citation mistake by the magistrate judge does not affect his analysis of the ALJ's opinion; he noted multiple times in the Report that the questionnaire said that Kappel's legs should be elevated when seated or if not wearing stockings. (ECF No. 15 at 12–13, 17). Moreover, even excluding this particular statement, the ALJ provides sufficient examples to support the weight he gave to Dr. Stanbro's opinions with substantial evidence.

and how he gave less weight to the portions of Dr. Taylor's findings that were contradicted by or inconsistent with the weight of the evidence in the record. (ECF No. 15 at 23–24). Further, Kappel argues in his objections that medication is not considered conservative treatment when mental activity is concerned. However, this argument lacks relevance because the ALJ appears to have discussed conservative treatment only in the context of Kappel's legs, rather than his mental impairments and Kappel fails to cite any specific passages.

Moreover, the ALJ did not require Kappel to meet an additional burden of proffering objective evidence, but, rather, noted that Drs. Stanbro and Taylor's opinions were not supported by the objective evidence in the record. (ECF No. 7-2 at 52, 53–56); *see Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006).

Further, the court notes that, as discussed by the magistrate judge, the ALJ appears to have analyzed, summarized, and weighed the entire contents of the record in order to determine the reliability of the expert opinions and the weight to be given to them rather than cherrypicking facts as Kappel suggests. *Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017) (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)) ("An ALJ has the obligation to consider all relevant medical evidence and cannot simply cherrypick facts that support a finding of nondisability while ignoring evidence that points to a disability finding."). Accordingly, the magistrate judge properly found that Kappel failed to prove that the weight given to the treating examiners' opinions by the ALJ was unsupported by substantial evidence. *See Celebrezze*, 331 F.2d at 545 (stating that the claimant has the burden of proof); *Craig*, 76 F.3d at 589 ("Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' ") (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## II.

Second, Kappel argues that the ALJ erroneously discounted his credibility. The court finds that Kappel's argument regarding the ALJ's assessment of his credibility repeats the arguments from his brief and is essentially an invitation to the court to reweigh the evidence and come to its own conclusion. Such reweighing of the evidence is not within the province of this court. *See Johnson*, 434 F.3d at 653 (holding that a reviewing court should not undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the ALJ). A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989–90 (4th Cir. 1984). Again, the question for the court is whether the ALJ's analysis of Kappel's credibility was supported by substantial evidence.

As the magistrate judge stated, the ALJ gave specific reasons, detailed in the magistrate judge's Report, which are supported by the record, for finding that Kappel's subjective complaints were not fully credible. For example, the ALJ noted that examination notes have shown that, despite pain complaints, Kappel had only a mild restriction on daily living activities (ECF Nos. 7-4 at 9, 26, 8-3 at 28, 8-6 at 26) and regularly shown normal motor strength, sensation, and reflexes. (ECF Nos. 47-10 at 4–5, 18, 33, 8-1 at 13, 8-4 at 4–5). And he testified to a pain level of 8.5 to 9 (with medication) and tremors and forgetfulness due to medications while also having reported pain levels around 6 to 7 and denying medication side effects at Pain Management Associates. Accordingly, the ALJ's assessment was supported by substantial evidence and the court declines Kappel's invitation to reweigh the evidence.

## CONCLUSION

Having conducted the required de novo review of the issues to which Kappel has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the Magistrate Judge in his Report, and finds that the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 15) and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
September 28, 2017